UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:15-cv-1156-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |
| CARMEN GASTELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and an extension of time to complete service of process.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend for failure to state a claim. Plaintiff alleges that defendant Gastello threatened to withhold his life-sustaining hemodialysis treatments if he did not consent to certain medical exams, blood tests, and medical examinations. He also claims that

2

defendant Davita Incorporated committed "medical battery" by examining plaintiff over his refusal. Plaintiff also names numerous Doe defendants, and states that he will later amend his complaint when he learns of the Doe defendants' true legal names.[1] Plaintiff claims that defendants have violated his Fourteenth Amendment right to due process. Under the legal standards discussed below, plaintiff's allegations fail to state a cognizable claim. To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Imposing unwanted medical treatment on an inmate does not constitute a due process violation if the treatment is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 223 (1990); *id.* at 225 ("The State has undertaken the obligation to provide prisoners with medical treatment consistent not only with their own medical interests, but

---

[1] The use of Doe defendants is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Should plaintiff learn the identities of the "doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

also with the needs of the institution. Prison administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, . . . but the duty to take reasonable measures for the prisoners' own safety."); *see also Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974) ("Allegations that prison medical personnel preformed major surgical procedures upon the body of an inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of imprisonment or prison security, may [be sufficient to state a cognizable Fourteenth Amendment due process claim]."). The bare allegations that prison officials forced upon plaintiff various exams, tests, or medications as a condition to providing him life-saving hemodialysis treatments fail to state a plausible due process claim. Plaintiff has not shown that the "forced" medical tests and procedures were not reasonably related to a legitimate penological interest.

Likewise, the allegations are insufficient to state a proper claim for relief under the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff's scant allegations fail to demonstrate that any state actor acted with the requisite deliberate indifference in forcing any medical treatment on plaintiff, or that in doing so, plaintiff was exposed to a substantial risk of serious harm. The allegations thus fail to state a cognizable claim for cruel and unusual punishment.

Plaintiff's allegations against Davita Incorporated do not state a cognizable claim for relief under 42 U.S.C. § 1983 because private individuals and entities do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). Plaintiff does not plead facts showing that Davita Incorporated acted "in concert with state agents to deprive [plaintiff of his] constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983).

In addition, plaintiff cannot state a proper state law tort claim against defendant Davita Incorporated because he has not alleged compliance with the California Torts Claims Act. The California Torts Claims Act ("GCA"), requires that a party seeking to recover money damages

1  from a public entity or its employees submit a claim to the entity *before* filing suit in court,
2  generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905,
3  911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural
4  requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified*
5  *Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA,
6  he must affirmatively allege compliance with the claim presentation procedure, or circumstances
7  excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims
8  subject to the GCA must affirmatively allege compliance with the claims filing requirement
9  applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627
10 (9th Cir. 1988). Thus, any purported state law claims must be dismissed with leave to amend for
11 failure to allege compliance with the GCA.
12         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
13 cognizable legal theory against a proper defendant and sufficient facts in support of that
14 cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
15 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
16 their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
17 shall clearly set forth the claims and allegations against each defendant.
18         Any amended complaint must not exceed the scope of this order and may not add new,
19 unrelated claims. Further, any amended complaint must cure the deficiencies identified above
20 and also adhere to the following requirements.
21         Any amended complaint must identify as a defendant only persons who personally
22 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
23 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
24 constitutional right if he does an act, participates in another's act or omits to perform an act he is
25 legally required to do that causes the alleged deprivation). It must also contain a caption
26 including the names of all defendants. Fed. R. Civ. P. 10(a).
27         Any amended complaint must be written or typed so that it so that it is complete in itself
28 without reference to any earlier filed complaint. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's request for the court to screen his complaint and extend the time allowed to effect service of process (ECF No. 6) is denied as moot.

DATED: July 25, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE